McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ARMANDO MARTINEZ-TORRES & HERMINIA HERRERA-ORTIZ, Defendants. | CASE NO. 1:20-CR-0034-DAD-BAM STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER DATE: March 23, 2020 TIME: 1:00 p.m. COURT: Hon. Barbara A. McAuliffe |

This case was set for a status conference on March 23, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1   Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
2   and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances
3   are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
4   justice served by taking such action outweigh the best interest of the public and the defendant in a
5   speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets
6   forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
7   served by the granting of such continuance outweigh the best interests of the public and the defendant in
8   a speedy trial." *Id.*
9   The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
10  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
11  natural disasters, or other emergencies, this Court has discretion to order a continuance in such
12  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
13  following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
14  recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*
15  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
16  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
17  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.
18  In light of the societal context created by the foregoing, this Court should consider the following
19  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
20  justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date
21  for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
22  continuance must be "specifically limited in time").

**STIPULATION**

24  Plaintiff United States of America, by and through its counsel of record, and defendants, by and
25  through their counsels of record, hereby stipulate as follows.
26      1.  By previous order, this matter was set for status on March 23, 2020.
27      2.  By this stipulation, defendants now move to continue the status conference until June 22,
28  2020, and to exclude time between March 23, 2020, and June 22, 2020, under Local Code T4.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case and its related case includes full extractions from four cellphones of almost 100 gigabytes of data. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to review discovery and consult with their clients, which has been impeded by the present national health crisis.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the status conference proceed.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 23, 2020 to June 22, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 18, 2020                               McGREGOR W. SCOTT
                                                                        United States Attorney

                                                                        /s/ LAURA D. WITHERS
                                                                        LAURA D. WITHERS
                                                                        Assistant United States Attorney


Dated:  March 18, 2020                               /s/ Nicholas Reyes
                                                                        NICHOLAS REYES
                                                                        Counsel for Defendant
                                                                        ARMANDO MARTINEZ-TORRES


Dated:  March 18, 2020                               /s/ Virna Santos
                                                                        VIRNA SANTOS
                                                                        Counsel for Defendant
                                                                        HERMINIA HERRERA-ORTIZ

## **ORDER**

IT IS SO ORDERED that the 1st Status Conference is continued from March 23, 2020 to **June 22, 2020 at 1:00 PM before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **March 18, 2020**                          /s/ Barbara A. McAuliffe
                                                                        UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4