McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:20-CR-00034-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| ARMANDO MARTINEZ-TORRES & HERMINIA HERRERA-ORTIZ, | DATE: June 22, 2020 TIME: 1:00 p.m. |
| Defendants. | COURT: Hon. Barbara A. McAuliffe |

This case was set for a status conference on June 22, 2020.  On May 13, 2020, this Court issued

General Order 618, which indefinitely continues the prior suspension of all jury trials in the Eastern

District of California and the prior courthouse closures as set forth in General Order 617.  These and

previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

orally or in writing").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

2    and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

3    justice continuances are excludable only if "the judge granted such continuance on the basis of his

4    findings that the ends of justice served by taking such action outweigh the best interest of the public and

5    the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

6    unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

7    the ends of justice served by the granting of such continuance outweigh the best interests of the public

8    and the defendant in a speedy trial."  *Id.*

9    The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

10   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

11   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

12   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

13   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

14   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

15   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

16   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

17   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

18   In light of the societal context created by the foregoing, this Court should consider the following

19   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

20   justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

21   for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

22   pretrial continuance must be "specifically limited in time").

23                                               **STIPULATION**

24   Plaintiff United States of America, by and through its counsel of record, and defendants, by and

25   through their counsels of record, hereby stipulate as follows.

26       1.      By previous order, this matter was set for status on June 22, 2020.

27       2.      By this stipulation, the parties now move to continue the status conference until

28   September 28, 2020, and to exclude time between June 22, 2020, and September 28, 2020, under Local

1    Code T4.

2        3.      The parties agree and stipulate, and request that the Court find the following:

3            a)      The government has represented that the discovery associated with this case and

4    its related case includes full extractions from four cellphones of almost 100 gigabytes of data.

5    All of this discovery has been either produced directly to counsel and/or made available for

6    inspection and copying.

7            b)      Counsel for defendants desire additional time to review discovery and consult

8    with their clients, which has been impeded by the present national health crisis.

9            c)      Counsel for defendants believe that failure to grant the above-requested

10   continuance would deny them the reasonable time necessary for effective preparation, taking into

11   account the exercise of due diligence.

12           d)      The government does not object to the continuance.

13           e)      In addition to the public health concerns cited by the General Orders and

14   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

15   this case because counsel have been encouraged to telework and minimize personal contact to

16   the greatest extent possible.  It will be difficult to avoid personal contact should the status

17   conference proceed.

18           f)      Based on the above-stated findings, the ends of justice served by continuing the

19   case as requested outweigh the interest of the public and the defendant in a trial within the

20   original date prescribed by the Speedy Trial Act.

21           g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

22   et seq., within which trial must commence, the time period of June 22, 2020 to September 28,

23   2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

24   T4] because it results from a continuance granted by the Court at defendant's request on the basis

25   of the Court's finding that the ends of justice served by taking such action outweigh the best

26   interest of the public and the defendant in a speedy trial.

27       4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

28   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

1    must commence.

2        IT IS SO STIPULATED.

3

4

5    Dated:  June 12, 2020                    McGREGOR W. SCOTT
                                              United States Attorney

6

7                                             /s/ LAURA D. WITHERS
                                              LAURA D. WITHERS
8                                             Assistant United States Attorney

9

10   Dated:  June 15, 2020                    /s/ Nicholas Reyes
                                              NICHOLAS REYES
11                                            Counsel for Defendant
                                              ARMANDO MARTINEZ-TORRES

12

13

14

15   Dated:  June 12, 2020                    /s/ Virna Santos
                                              VIRNA SANTOS
16                                            Counsel for Defendant
                                              HERMINIA HERRERA-ORTIZ

17

18                              **ORDER**

19        IT IS SO ORDERED that the Status Conference is continued from June 22, 2020, to **September**

20   **28, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to

21   18 U.S.C.§ 3161(h)(7)(A), B(iv).

22   IT IS SO ORDERED.

23       Dated:   **June 15, 2020**            /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT